UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICO J. VENDETTI,<br><br>　　　　Petitioner,<br><br>　　　v.<br><br>WARDEN R. THOMPSON,<br><br>　　　　Respondent. | Civil Action No. 24-10715 (MAS)<br><br>MEMORANDUM ORDER |

　　　This matter comes before the Court on Petitioner Rico J. Vendetti's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government filed a response to the petition (ECF No. 6), to which Petitioner did not timely reply. (ECF Docket Sheet.) By way of background, at the time he filed his petition, Petitioner was a federal prisoner confined at FCI Fort Dix. (ECF No. 1 at 1.) Through his petition, Petitioner sought to challenge the BOP's decision not to immediately release him into either pre-release custody in a residential facility or into home confinement upon his accrual of sufficient credits to warrant such a transfer. (*See* ECF No. 1 at 9-12.) Petitioner ultimately sought an order directing his release into either a prerelease custody residential reentry facility or into home confinement. (*Id.*) In providing its answer, the Government submitted documents indicating that Petitioner was scheduled to be transferred to just such a residential reentry facility on March 12, 2025. (*See* ECF No. 6 at 16; ECF No. 6-3 at 19; ECF No. 6-4 at 3.)

　　　On April 11, 2025, the Government filed correspondence indicating that on March 12, 2025, Petitioner was transferred to a residential reentry center for the remainder of his sentence. (ECF No. 7.) The Government also provided documents and a certification from BOP staff confirming Petitioner's release into a residential reentry facility. (ECF Nos. 7-1; 7-2.) As

Petitioner has been released into a residential re-entry facility, the Government contends that this matter is now moot as Petitioner has gained the relief he sought and the Court can no longer provide him with meaningful relief.

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, once a prisoner is released from prison, a habeas challenge to some aspect of his prison confinement will become moot absent a redressable, continuing, and concrete injury that persists after his release. *Id.*; *see also Burkey v. Marberry*, 556 F.3d 142, 146-50 (3d Cir. 2009). In this case, Petitioner has been released from prison into a residential re-entry facility and has now received the very relief he sought through his habeas petition. As such, this Court can no longer grant Petitioner meaningful relief, and this matter has become moot. Petitioner's habeas petition must therefore be dismissed without prejudice as moot at this time.

**IT IS THEREFORE** on this 15th day of April, 2025, **ORDERED** that:

1. Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as moot; and

2. The Clerk of the Court shall serve a copy of this Order upon the Government electronically and upon Petitioner by regular mail, and shall **CLOSE** the file.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**